USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: DEC 03 2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Julian Gaspar, *et al.*,

        Plaintiffs,

–v–

Personal Touch Moving, Inc., *et al.*,

        Defendants.

13-cv-8187 (AJN)

MEMORANDUM & ORDER

ALISON J. NATHAN, District Judge:

    On November 11, 2013, Julian Gaspar filed a complaint in the Southern District of New York alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"), Art. 19 § 650 *et seq.*, as well as state law breach of contract and unjust enrichment claims. Gaspar claimed that his employer, a moving company, failed to pay legally required minimum, overtime, and spread-of-hours wages; failed to keep adequate records and give employees required notifications; and misappropriated tips.

    On September 15, 2014, the Court granted Gaspar's motion to conditionally certify the suit as a collective action under 29 U.S.C. § 216(b). The parties notified the Court that they had reached a settlement in principle on September 22, 2015. On October 6, 2015, the parties submitted a written settlement agreement for the Court's review. Dkt. No. 80. Along with the proposed settlement, the Plaintiffs submitted a memorandum of law setting forth their views on why the settlement would be fair. Dkt. No. 81. Although the Court finds the settlement broadly to be fair and reasonable, its approval is subject to two caveats discussed below. Approval of the settlement is therefore denied, with the understanding that if the parties address the Court's concerns and resubmit, the settlement will be approved.

## DISCUSSION

FLSA suits cannot be privately settled. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). In keeping with FLSA's purpose of ensuring workers "a fair day's pay for a fair day's work," a settlement in a FLSA case must be approved either by a court, or by the Department of Labor. *Id.* (quoting *A.H. Phillips, Inc. v. Walling*, 324 U.S. 490, 493 (1945)). This action therefore cannot be dismissed with prejudice until the Court has satisfied itself that the resolution proposed by the parties is "fair and reasonable." *See, e.g.*, *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). A reasonable agreement must "reflect[] a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Mamani v. Licetti*, No. 13-cv-7002, 2014 WL 2971050, at *1 (S.D.N.Y. July 2, 2014).

In order to evaluate the fairness of a proposed settlement, the parties must provide the court with enough information to evaluate "the bona fides of the dispute." *Id.* (quoting *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010)). At minimum, this includes information on "the nature of plaintiffs' claims, . . . the litigation and negotiation process, the employers' potential exposure both to plaintiffs and to any putative class, the bases of estimates of plaintiffs' maximum possible recovery, the probability of plaintiffs' success on the merits, and evidence supporting any requested fee award." *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176 (S.D.N.Y. 2015). The parties must articulate their remaining points of disagreement to the Court. *Mamani*, 2014 WL 2971050, at *1. If they disagree over the calculation of wages owed, they "must provide each party's estimate of the number of hours worked and the applicable wage." *Id.* (internal quotation mark omitted). In reviewing the reasonability of attorney's fees requested, the Court looks to "the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—which creates a presumptively reasonable fee." *Zhang v. Lin Kumo Japanese Rest., Inc.*, No. 13-cv-6667, 2015 WL 5122530, at *2 (S.D.N.Y. Aug. 31, 2015) (quoting *Stanczyk v. City of New York*, 752 F.3d 273, 284 (2d Cir. 2014)).

The settlement currently before the Court broadly appears to be fair and reasonable. Plaintiffs' memorandum in support of the settlement describes an arm's-length negotiation process, and provides the parties' methodology for calculating the amounts paid. Pl.'s Mem. at 2–3. The Court is satisfied with the fairness of the negotiations and the formula for calculating the payout. *Id.* Plaintiffs' explanation of how the payments are reduced to account for litigation risks is also reasonable. *Id.* Although the Court is satisfied with the parties' explanation of the *methodology* used to generate the settlement amounts, however, the parties did not submit the *underlying data* to which the methodology was applied. As discussed below, the parties must submit this information to the Court before the Court can approve the settlement.

Moreover, the Court has reviewed Plaintiffs' request for attorney's fees and finds them to be reasonable. Plaintiffs' counsel, William Coudert Rand, has submitted proper documentation justifying the hours he spent on the case to an acceptable level of specificity. The Court has examined his records and determined that the hours expended were not "excessive," nor was his time spent in a "wasteful or duplicative" fashion. *See Collado v. Donnycarney Rest. L.L.C.*, No. 14-cv-3899, 2015 WL 4737917, at *12 (S.D.N.Y. Aug. 10, 2015). The hourly fee Mr. Rand has requested, $67.94, is certainly reasonable for a lawyer with a decade of experience in FLSA litigation. *See Zhang*, 2015 WL 5122530, at *3 (awarding $300/hour to a partner with only six years of FLSA litigation experience); *Wong v. Hunda Glass Corp.*, No. 09-cv-4402, 2010 WL 3452417, at *3 (S.D.N.Y. Sept. 1, 2010) (collecting cases and awarding $350/hour to lawyers with twelve years of experience). Plaintiffs' costs of $1,117.39 are likewise reasonable and well-documented. A fee that appears reasonable under the lodestar can nonetheless raise a red flag if it represents an extraordinarily large percentage of the total recovery. *See Zhang*, 2015 WL 5122530, at *4. The fee requested in this case, $9,804.11, constitutes just under a third of the total recovery in this case. Fee awards representing one third of the total recovery are common in this District. *Id.* (collecting cases). The Court therefore considers the requested fees to be reasonable.

The Court also notes that it has examined the sections releasing Defendants from liability, Proposed Settlement at 4–5, and does not find them to be problematic. A FLSA settlement cannot offer the defendant a sweeping release from liability that would "waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues." *Cheeks*, 796 F.3d at 206 (quoting *Lopez*, 96 F. Supp. 3d at 181); *see also Camacho v. Ess-A-Bagel, Inc.*, No. 14-cv-2592, 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014). Legitimate releases in collective action settlements may include claims not presented, but only if the released conduct arises from the same factual predicate as the settled conduct. *Lopez*, 96 F. Supp. 3d at 181 (citing *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 107 (2d Cir. 2005)). The proposed settlement contains two releases: a very broad release that applies to Gaspar, and an appropriately narrow release that applies to the other plaintiffs that opt into the settlement. Proposed Settlement at 4–5. If all the releases were as broad as that for Gaspar, the Court might be compelled to reject the settlement. However, Gaspar has a non-FLSA claim for breach of contract or unjust enrichment for unpaid tips that he does not share with the other plaintiffs. Compl. ¶¶ 85–93. Under the terms of the settlement, Gaspar is relinquishing this claim in return for a substantial payment that is separate from the payment he will receive for his FLSA claim. Proposed Settlement at 1. Gaspar has never included the non-payment of tips as part of his FLSA claim. *See* Compl. ¶¶ 67–76. The broader release limited to Gaspar personally is not subject to the Court's scrutiny because it stems from a non-FLSA claim that happens to be settled in the same agreement. *Duprey v. Scotts Co.*, 30 F. Supp. 3d 404, 410 (D. Md. 2014).

However, the Court has two concerns that prevent it from approving the settlement outright. First, as noted above, the proposed settlement is accompanied by insufficient information about what hours Plaintiffs worked and at what wages. Second, the proposed settlement contains a restrictive non-disparagement clause.

As to the first issue, the parties have not submitted adequate information for the Court to evaluate the settlement. Plaintiffs' memorandum in support of the settlement includes the

4

methodology by which the payout was calculated. Pl.'s Mem. at 2–3. But this alone is not enough. The amounts offered to the various Plaintiffs under the settlement purport to be derived from the actual amounts owed them—which are in turn calculated from the hours they worked and their salaries at the time they worked them. However, the submitted materials do not include the numbers from which the awards were generated, and it remains unclear whether the parties dispute the wage and hour calculations. The Court notes that Plaintiffs' memorandum only partially explains how the settlement payout numbers were arrived at. For instance, the settlement awards for unpaid overtime are described as representing "5 hours of overtime per week of employment times one half the employee's estimated average pay times 15% to reflect the litigation risk." Pl.'s Mem. at 2. Notably missing is any information on what the average pay and number of weeks worked by each Plaintiff actually were. A revised settlement submission should make clear any remaining points of legal and factual disagreement (including over wage and hour calculations), and explain the calculations and facts underlying the proposed recovery amounts. *See Lopez*, 96 F. Supp. 3d at 176–77.

The second issue is the non-disparagement provision. Such clauses can be contrary to public policy because they prevent the spread of information about FLSA actions to other workers (both employees of Defendants and others), who can then use that information to vindicate their statutory rights. *Id.*; *see also Dees*, 706 F. Supp. 2d at 1242. The non-disparagement provision in the proposed settlement requires that Plaintiffs "shall not . . . mak[e] disparaging or detrimental comments, statements or the like about Defendants[.]" Proposed Settlement at 6. This phrasing seems potentially overbroad, and is very similar to language rejected in *Lopez* that plaintiffs "will not make any negative statement about the Defendants, or otherwise disparage them, nor will they encourage or direct others to do so." *Lopez*, 96 F. Supp. 3d at 178. In submitting a revised settlement agreement, the parties have several choices. They may remove the non-disparagement provision, or narrowly tailor it to allow Plaintiffs to discuss their litigation of this case. *See id.* at 181. Alternatively, they may keep the provision but submit

authority and argument supporting the proposition that the clause included in the proposed agreement is fair and reasonable.

    Aside from these issues, as noted, the Court finds the settlement to be fair and reasonable. Nonetheless, the Court cannot approve the settlement as currently proposed. The parties are hereby ORDERED to meet and confer about the settlement, and to file a revised settlement proposal or a joint letter updating the Court on the status of settlement negotiations no later than December 17, 2015.

SO ORDERED.

Dated: Dec. 3, 2015
New York, New York

_____
ALISON J. NATHAN
United States District Judge